| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 10/16/2020 |
| TERRELL ELLIS,<br>                              Plaintiff,<br>    -v-<br>BROOME STREET FOOD AND DRINK, LLC, et al.,<br>                             Defendants. | No. 20-cv-1814 (MKV)<br><br>ORDER |

MARY KAY VYSKOCIL, District Judge:

The Court is in receipt of the parties' joint letter, dated October 13, 2020, requesting that the Court continue the stay of this action [ECF #18]. This request is DENIED. Plaintiff initiated this action by filing a complaint on March 2, 2020 [ECF #1]. Plaintiff brings claims under Title III of the Americans with Disabilities Act, and similar state and local laws, based on alleged physical barriers to access at Defendants' restaurant. In an Order dated April 30, 2020, the Court granted the parties' joint request to stay this case based on Defendants' representations that the restaurant was closed, and might never reopen, because of restrictions related to the COVID-19 pandemic [ECF #9]. In an Order dated July 1, 2020, the Court granted the parties request to continue the stay based on representations that the restaurant remained in substantially the same circumstances [ECF #15]. Now, the parties seek to continue the stay of this action, even though they concede that "New York City now permits indoor dining at 25% capacity," and they imply that the restaurant has already reopened for outdoor dining [ECF #18]. Defendants also note that they have committed to undertake voluntary efforts to "improve accessibility," but are awaiting approval on an application pending with the New York City Landmarks Preservation. However,

the parties report that Plaintiff disputes Defendants' position on this case and has requested documents to facilitate discussions.

This case cannot simply remain stayed on the Court's docket while Defendants weigh whether to reopen for indoor dining, and the parties proceed to "discuss this matter" among themselves [ECF #18 at 2]. The parties are free to voluntarily to dismiss this action and resolve their dispute privately. Otherwise, the Court must proceed with resolving it for them. Accordingly, IT IS HEREBY ORDERED that the stay of this action is lifted.

IT IS FURTHER ORDERED that the parties shall appear for an Initial Pretrial Conference on November 19, 2020 at 11:00 AM. The conference shall be held by telephone. To join, dial 888-278-0296 at the scheduled time. When prompted, enter Access Code 5195844. The Court will join once all of the parties are on the line.

IT IS FURTHER ORDERED that the parties shall file a joint letter and Proposed Case Management Plan, as described in the Court's Individual Rules of Practice in Civil Cases, by November 12, 2020.

IT IS FURTHER ORDERED that, in advance of filing the joint letter and Proposed Case Management Plan, the parties shall confer to discuss the possibility of settlement for at least one hour. The joint letter may not exceed 6 pages and must include the following:

1. A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case;

2. A brief statement by the plaintiff, or by the defendant in removed cases, as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In cases invoking the Court's

diversity jurisdiction, the parties should state both the place of incorporation and the principal place of business of any party that is a corporation, and the citizenship of all members, shareholders, partners, and/or trustees of any party that is a partnership, limited partnership, limited liability company, or trust;

3. A statement of procedural posture, including

   a. A brief description of any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the conference;

   b. A brief description of any discovery that has already taken place, and a brief description of any discovery that the parties intend to take in the future; and

   c. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

4. Any other information the parties believe may assist the Court in resolving the action.

Any request for an extension shall be made by letter filed on ECF and must be received at least 48 hours before the deadline.

Both a model Case Management Plan and the Court's Individual Rules are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil.

**SO ORDERED.**

Date:  October 16, 2020　　　　　　　　　　　　　　　　　MARY KAY VYSKOCIL
　　　　New York, NY　　　　　　　　　　　　　　　　　　United States District Judge

3